PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO RODRÍGUEZ-DAPENA, Defendant and Appellant.

No. 2644.   Argued January 29, 1926.—Decided April 30, 1926.

E. *Martínez Avilés* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At the trial of this case a confession was admitted in evidence, as follows:

"In Arecibo, Porto Rico, April 20, 1925. Before me, Municipal Judge of Arecibo, appears Antonio Rodríguez Dapena, married, 28 years of age, shoemaker and resident of Arecibo, P. R. I informed him of the nature of the charge made against him of a double murder, committed at about 12.25 a. m., upon the persons of his wife and her lover. I informed him of his right not to testify and that if he does so his statement may be used against him. Having been previously sworn, he says: I married Angela Herrera in the year 1917, living separated from her for nearly three years and a half. She was living in concubinage at San Juan for three years with a man while she was so separated from me. Three years ago I filed a divorce complaint against her, which was dismissed for lack of evidence. On Thursday of last week I spoke to Angela Herrera so that she might file the divorce complaint. I asked her what money she needed and she said thirty dollars; thereupon I sold several things and gave her the thirty dollars; but today I was informed by a friend that she spent the thirty dollars in clothes and amusements. This made me furious and that night I went to call her at twelve o'clock, but she did not answer. I then went to my house, put the revolver with five shots in my pocket and returned to the house of Angela, having first drunk some rum. I arrived at the house already with the intention of settling the matter of the thirty dollars I had given to Angela Herrera, forced the door and opened it by pulling the same and found Angela in bed with a man. Angela's lover upon seeing me come in, got up, took me by the throat and knocked me down twice; I escaped from him and fired three shots against her, Angela Herrera, and then fired towards him twice and left the house, having thrown the revolver to the river Santiago, and finally came here.

"This happened at about 12.25 a. m. today, this morning, and I voluntarily and freely give this testimony. (sd.) Antonio Rodríguez Dapena. Sworn to and signed before me, on April 20, 1925, at 1.30, in the morning. (sd.) Francisco Cadilla, Municipal Judge of Arecibo."

There was very little other evidence affecting the particular point to be discussed. After the trial the court, although requested to do so, refused to instruct the jury as to manslaughter on the theory that under the facts there was no reason to give such instruction.

Section 203 of the Penal Code provides:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

"1. Voluntary—upon a sudden quarrel or heat of passion.

"2. Involuntary—in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

██ Given the facts it was within the province of the jury to say whether or not the unlawful killing took place upon a sudden quarrel or heat of passion. Despite the fact that the defendant came *armed* and very angry to the house of his wife, it was for the jury to determine whether the actual killing was produced by sudden passion. The failure to instruct as to manslaughter was error and the *Fiscal* agrees with this conclusion. *People* v. *Crespo*, 21 P.R.R. 285, has some bearing on the facts of this case, although there none of the actual facts of the killing was known.

Numerous other errors were charged. They were either unimportant or can readily be avoided at a new trial. For the error discussed the judgment must be reversed and a new trial ordered.